UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | Criminal No. 03-781 (FSH) |
| Plaintiff, | : | |
| | : | |
| v. | : | ORDER |
| | : | |
| JOSEPH MOTEN, | : | March 28, 2008 |
| | : | |
| Defendant. | : | |

This matter having come before the Court upon Defendant's motion to be relieved from final judgment pursuant to Fed. R. Crim. P. 52(b)[1], asserting that the Court improperly applied a sentencing enhancement;[2] and the Court finding that while styled as a motion to be relieved from judgment under Fed. R. Crim. P. 52(b), Defendant's motion is actually a motion under 28 U.S.C. § 2255, as it is simply an attack on his sentence; and the Court further finding that this is a successive § 2255 motion because Defendant previously brought nearly this identical argument in a § 2255 motion he filed on February 17, 2005 and which was denied by this Court on August 1, 2005[3]; and the Court noting that a successive § 2255 motion is subject to the gate-keeping

---

[1] Rule 52(b) provides that "[a] plain error that affects substantial rights may be considered even though it was not brought to the court's attention." Fed. R. Crim. P. 52(b).

[2] Specifically, Moten asserts that this Court improperly applied a sentencing enhancement for possessing a firearm in connection with another felony offense.

[3] In the previous § 2255 motion, Moten argued that the 2K2.1(b)(5) enhancement for possessing a firearm in connection with another felony offense should have been proven as an element of his offense and not as a sentencing factor.

provisions of the Antiterrorism and Effective Death Penalty Act of 1996("AEDPA")[4]; and the Court finding that because Defendant did not seek such authorization from the Court of Appeals, this Court is without jurisdiction to entertain this § 2255 motion; and the Court further finding that transfer of this action to the court of appeals would be futile because Defendant does not cite any newly discovered evidence nor does he identify any new rule of constitutional law; and for good cause having been shown,

  IT IS therefore on this 28th day of March, 2008,

  ORDERED that Defendant's motion under 28 U.S.C. § 2255, which he filed as a motion under Fed. R. Crim. P. 52(b), is DENIED.

                /s/ Faith S. Hochberg
                Hon. Faith S. Hochberg, U.S.D.J.

---

[4] The AEDPA provides that in order to file a second or successive 2255 motion, the movant must first file an application with the court of appeals for an order authorizing the district court to consider the motion.